HUTCHINS LUMBER & STORAGE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7129.   Promulgated October 12, 1928.

*John E. Hughes, Esq.*, and *William Cogger, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, and *Maurice Parshall, Esq.*, for the respondent.

OPINION.

TRAMMELL: The petition as amended alleges that the respondent erred as follows: (1) In failing to allow petitioner a paid-in surplus of $29,551.42; (2) in failing to allow petitioner an addition to its invested capital of $30,000 for 250 shares of its stock donated to the petitioner and later sold by it for $10,000 cash plus $20,000 worth of lumber; (3) in failing to add to petitioner's 1918 invested capital the sum of $5,126.94 because of increase of its closing 1917 inventory, and in failing to deduct this sum from its 1918 income as computed by him; (4) in refusing to allow petitioner to deduct in computing its net income for 1918 the sum of $17,541.22 for lumber which was unsalable in the normal course of business because of its damaged condition; (5) in deducting from petitioner's invested capital the sum of $3,398.96 for 1917 income taxes, some of which were not paid and did not become a liability until after the close of the calendar year 1918; (6) in failing to charge the petitioner the average tax paid by representative corporations in accordance with the provisions of section 328. Of the foregoing, the respondent in his answer admitted error with respect to numbers (1) and (2). The invested capital should, therefore, be increased by giving effect to those two items.

At the hearing the petitioner withdrew errors assigned numbered (3) and (5), and it was agreed between the parties that number (6) would be left for consideration in further proceedings. This action of the parties leaves for our consideration at this time only number (4).

It is the petitioner's contention that its inventory at the end of the year 1918 was only $100,743.58, as reported in its 1918 return, and not $118,284.80 as determined by the respondent; that the difference between these amounts or $17,541.22, which is the amount of the deduction claimed in the assignment of error, represented the cost price of certain lumber which in 1918 was found to be rotten and unsalable.

The first question to be determined is whether the inventory of $118,284.80 actually included the rotten and unsalable lumber or included only merchantable lumber. If it did in fact include the rotten lumber, the inventory should be reduced accordingly. To determine this fact requires an analysis of the testimony. There is definite and

positive testimony that the good lumber on hand at the close of the year was 3,898,049 feet. The inventory was taken at cost which was from $30 to $40 per thousand. If we take the average cost of only $31 per thousand, the cost of the good lumber on hand would be in excess of the inventory determined by the respondent. The respondent accepted the inventory as it appeared on the petitioner's books at the end of the year and used that as the closing inventory for 1918 and the opening inventory for 1919. While the case involving 1919 was before the Board the petitioner raised no question as to the correctness of the opening inventory.

The petitioner contends that during the year when it was discovered that lumber was rotten it was removed from the good lumber. It was put out in the yard and employees were permitted to take it away. Some of it was used in connection with the shipment of good lumber in cars, and some of it was used to fill in holes and low places on the premises and covered with cinders. It was not preserved and no efforts were made to keep it on hand until the end of the year when the inventories were taken, nor were any records kept of this rotten lumber.

All the facts and circumstances in the case lead us to the conclusion that the petitioner did not include in its closing inventory for 1918 the amount of the rotten lumber now sought to be eliminated from that inventory. The determination of the respondent is therefore approved. *Further action may be had under the provisions of Rule 62.*